Dillon, J.
The “coupon” called and designated as such in the second defense provided for transportation from Columbus to Cleveland. While the exact form and wording do not appear in the pleadings, I ani not able to see any legal distinction between it and a so-called “return ticket.,” I assume counsel do not claim a' different' application of principle for the two.
Was it transferable so as .to permit another than the original purchaser to avail himself of the transportation? The cases cited in plaintiff’s brief seem conclusive of the question in the abstract. That is to say, a secret or undisclosed rule or regulation'of the railroad company will not avail the company, if the ticket itself is unrestricted in form and the purchaser is without knowledge of such rule.
As to the recent statutes, 98 O. L., 345-7 (Section 244-11 et seq). 1 am of the opinion the restrictions, limitations and prohibitions are. matters between the public (state) and the company. True a contract by a railroad company in violation-might be. unenforcible under proper circumstances; but if a railroad company does actually issue a ticket transferable according to its face, two questions are presented:
First. Is not the railroad company estopped as between itself .and the purchaser?, The remedy for violating any provision- of law or rule of fhe railroad commission lies not in risk *16 and peril of the passenger, but with the state. The contracting together of the railroad and passenger is not void, but the unlawfulness consists in the breach of the company with the state in doing it.
G. W. Bope, for plaintiff.
Second. Is there anything in Section 8 (which permits excursion rates) that inhibits or restrains the discretion of the company to make such excursion tickets transferable or not at its option? The answer must be in the negative. The restriction lies in the sale of the tickets and does not contemplate the point raised here. The delicate and nice analysis of the effect of two different persons "getting the benefit of the excursion ticket is evidently not in contemplation of the statute. The railroad company is free to permit tranfer or not at its own pleasure.
As to the last point made in defendant’s brief, I find no law or decision to the effect that “ticket scalping” is against public policy. The demurrer to the second defense must be sustained.